U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 1 2 2016

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES HILL (#156168) | DOCKET NO. 15-CV-2721; SEC. P |
| VERSUS | JUDGE DRELL |
| NATHAN CAIN, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Pro se Plaintiff James Hill, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center ("AVC") in Cottonport, Louisiana. He names as defendants Warden Nathan Cain and Lieutenant Bobby Hicks. Plaintiff complains that Lt. Hicks failed to protect him from an assault by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that, on May 30, 2015, he was housed in the "Administrative Segregation Extended Unit" at AVC. (Doc. 1, p.4). Plaintiff was handcuffed in his cell by Lt. Hicks so that Plaintiff could be escorted to the showers. (Doc. 1, p.4). After being handcuffed, Plaintiff's cellmate began to attack him. Plaintiff alleges that the institution has a rule requiring the presence of two security members when an inmate in the Extended Segregation

Unit is handcuffed. Thus, Plaintiff complains that he was assaulted because Lt. Hicks failed to comply with a prison rule.

### Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is reasonable safety." Helling v. McKinney, 509 U.S. 25, 33 (1993). However, not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Rather, a prisoner must demonstrate that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's safety. Id. The test

for "deliberate indifference" is a subjective one. Id. at 837. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id.

The legal conclusion of deliberate indifference must rest on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Johnson v. Treen, 759 F.2d 1236, 1237 (5th Cir. 1985). The failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference. See Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Mere negligence or a failure to act reasonably is not enough to establish constitutional liability. See Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003). The defendant must have the subjective intent to cause harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Mace v. City of Palestine, 333 F.3d 621, 626 (5th Cir. 2003).

Plaintiff has not alleged facts indicating that Lt. Hicks had a sufficiently culpable state of mind and subjectively intended for harm to occur. See Farmer v. Brennan, 511 U.S. at 838; Wilson v. Seiter, 501 U.S. 294, 305 (1991). According to the incident report submitted by Plaintiff, Lt. Hicks immediately yelled, "fight," and ordered the cell to be opened. (Doc. 1, p.6). Plaintiff was allowed to exit the cell, and the assailant was restrained. (Doc. 1, p.6).

3

What Plaintiff has alleged is, at most, negligence on the part of Lt. Hicks in failing to comply with a prison rule that allegedly requires the presence of a second officer when an inmate in segregation is handcuffed. Plaintiff has not alleged that Lt. Hicks subjectively intended to cause Plaintiff any harm.

Moreover, the law recognizes that it is simply impossible to prevent all prison assaults. "Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another. Regrettably, '(s)ome level of brutality and sexual aggression among (prisoners) is inevitable no matter what the guards do ... unless all prisoners are locked in their cells 24 hours a day and sedated." See Farmer 511 U.S. at 858-9, J. Thomas, *concurring*; citing McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991).

Additionally, in considering whether a defendant has failed to protect an inmate, Courts must look to whether there was a "substantial" or "pervasive" risk of harm preceding the assault. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incident. See *e.g.* Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992)(holding a "pervasive risk" is something more than a single incident and something less than a riot). Inmates are unlikely to recover under § 1983 for injuries sustained in an isolated assault unless they can prove that the authorities either "set him up" for the assault or deliberately ignored his

4

repeated and clearly well-founded claims of danger. There are no allegations that Lt. Hicks arranged for the attack or ignored Plaintiff's claims of danger prior to the attack.

To the extent that Plaintiff seeks to hold Warden Cain liable as supervisor of Lt. Hicks, the claim fails. Liability under § 1983 cannot be established solely on a theory of respondeat superior. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each government-official defendant, through his own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). There are no allegations of involvement by Warden Cain with respect to this assault.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED and DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as**

5

supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 12th day of January, 2016.

Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge